UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Terrence Dujuan Mann,

    Petitioner,

v.

William Bolin, *Warden,*
*Minnesota Correctional*
*Facility - Moose Lake,*

    Respondent.

Case No. 21-cv-418 (JRT/DTS)

**REPORT AND RECOMMENDATION**

---

Terrence Dujuan Mann was convicted by a jury of driving while under the influence of alcohol (DWI) and fleeing police. He was sentenced to 54 months in prison. Mann brings this *pro se* habeas petition pursuant to 28 U.S.C. § 2254 asserting his right to due process under the Fourteenth Amendment was violated because the evidence was insufficient as a matter of law to support his DWI conviction. He also asserts additional claims that he did not raise in the state appellate courts and consequently are now procedurally defaulted. For the reasons discussed below, the Court recommends that his petition be denied.

## BACKGROUND

On June 28, 2018 Mann was convicted by a jury of felony DWI and fleeing a police officer in a motor vehicle. Pet. ¶¶ 2, 5, 7, Dkt. No. 1; Resp. Appx. 283-84 (verdict forms), Dkt. No. 19. He was sentenced to 42 months in prison, followed by five years of conditional release, for the DWI conviction and to a consecutive term in prison of one year and one day for fleeing police. Pet. ¶ 3; Resp. Appx. 285-304 (sentencing transcript; order and warrant of commitment).

On October 17, 2018 Mann appealed his DWI conviction on the ground that his Fourteenth Amendment right to due process was violated because the circumstantial evidence presented at trial on the issue of his intoxication was insufficient as a matter of law to support his conviction. He did not raise any other issues in his direct appeal. He did not appeal his conviction for fleeing police. Resp. Appx. 309-321 (notice of appeal and appellant's brief). The Minnesota Court of Appeals denied his appeal and affirmed his DWI conviction. *State v. Mann,* No. A18-1674, 2019 WL 3890400 (Minn. Ct. App. Aug. 19, 2019) (reproduced without Westlaw pagination at Resp. Appx. 354-66). Mann filed a petition for review, which the Minnesota Supreme Court denied on October 29, 2019. Resp. Appx. 377.

Mann filed this habeas petition asserting a single ground for relief: that the evidence at trial was insufficient as a matter of law to support his DWI conviction. Pet. ¶ 11.a., Dkt. No. 1. He attached to his petition a 26-page memorandum that further addressed his sufficiency-of-the-evidence claim but also mentioned other issues and claims. The Court ordered Mann to further explain whether he had exhausted his state court remedies with respect to all of his claims. Order to Show Cause, Dkt. No. 11. In his response, Mann asserted he exhausted his state remedies and, while not entirely clear to the Court, appeared to argue that the additional issues are part of the Fourteenth Amendment sufficiency-of-the-evidence claim that he presented to the state courts. *See* Dkt. No. 13 at 2 ("it is not part of the exhaustion because the petitioner's argument is not the 5th, 6th, 14th amendment, it is proof beyond a reasonable doubt in which the 5th, 6th, 14th amendment protect the petitioner"). The Court then ordered Respondent to answer

Mann's petition. Dkt. No. 16. Respondent filed a response to which Mann replied. Dkt. Nos. 17-19, 21-22.[1]

Mann was released from prison a few months after the petition was filed. *See* Dkt. No. 22 (change of address letter). His release did not moot his habeas petition challenging his conviction, because it is presumed that criminal convictions have continuing collateral consequences that satisfy the case-or-controversy requirement. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).

## ANALYSIS

### I. Standard of Review

The Court's review of habeas corpus petitions filed by state prisoners is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 2254(a) provides that a federal court shall entertain a habeas corpus petition of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." It does not re-examine state court determinations on state law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

A state prisoner's application for a writ of habeas corpus

---

[1] A review of the habeas petition and the record in this case indicates Mann filed his petition a short time after the one-year statute of limitations under § 2244(d)(1)(A) expired. *See* Pet. ¶¶ 10, 13, 18, Dkt. No. 1. However, in its answer to the petition pursuant to Habeas Corpus Rule 5(b), Respondent did not assert a statute of limitations defense and thus has forfeited it. *See* Answer at 1 ("Claims in the Petition are not barred by . . . a statute of limitations."), Dkt. No. 17; *Wood v. Milyard,* 566 U.S. 463, 470 & n.4 (2012). The Court here has proceeded to consider the merits of the petition. *See Wood*, 566 U.S. at 473 ("district courts[] have the authority — though not the obligation — to raise a forfeited timeliness defense on their own initiative").

shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C § 2254(d).

The standard in § 2254(d) is "difficult to meet." *White v. Woodall,* 572 U.S. 415, 419 (2014). The Supreme Court has stated that "'[c]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings as opposed to the dicta, of this Court's decisions." *Id.* (quotations and citations omitted). A lower court may not consult its own precedents rather than those of the Supreme Court in assessing a habeas claim governed by § 2254. *Id.* at 420 n.2.

A decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). An "unreasonable application" of the Supreme Court's holdings "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *White*, 572 U.S. at 419 (quotations and citations omitted). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 419-20 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

4

A state court's factual determinations are presumed to be correct unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Erroneous factfinding by a state court is not enough to warrant habeas relief. *Weaver v. Bowersox,* 241 F.3d 1024, 1030 (8th Cir. 2001). A state court decision involves "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record, § 2254(e)(1). *Evenstad v. Carlson,* 470 F.3d 777, 782 (8th Cir. 2006).

## II.     Claim of Insufficient Evidence of Intoxication

The due process clause of the Fourteenth Amendment requires that, to convict a person of a crime, the State must prove every element of the criminal charge beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). Mann contends he is entitled to habeas relief on the ground that there was insufficient evidence to convict him of driving under the influence of alcohol because "the circumstantial evidence did not prove that he was intoxicated."[2] Petition ¶ 11.a., Dkt. No. 1.

---

[2] The claim Mann presented to the state court and in his habeas petition is based only on the element of intoxication, not whether he was the driver of the SUV. At various points in his memorandum and reply [Dkt. Nos. 2, 21] he states he was not the driver (or the evidence did not show he was the driver), but that issue was not the basis of his challenge to the sufficiency of the evidence to convict him of DWI. *See* Resp. Appx. 310-21 (appellant's brief), Dkt. No. 19; *State v. Mann*, 2019 WL 3890400, at *2 ("Appellant contends that '[t]he evidence was insufficient, as a matter of law, to convict [him] of driving under the influence of alcohol when the circumstantial evidence did not prove that he was intoxicated.'"). The entire analysis pertained to manifestations of intoxication, not whether he was driving.

### A.     Unreasonable Determination of Facts Clause – § 2254(d)(2)

Mann argues he is entitled to habeas relief under § 2254(d)(2) because the Minnesota Court of Appeals' decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Pet. Mem. 1, Dkt. No. 2. The appellate court considered the trial court record as follows:

> The trial evidence established the following circumstances. On the night of May 8, 2017, Officers Jindra and Grout saw a Chevy Tahoe "slow down to speeds of about 5 to 10 miles an hour and then suddenly speed up back to ... 30, 35" miles per hour, "drop back down to 5 or 10 miles an hour and speed up, constantly braking and stopping and starting." The vehicle decelerated and accelerated at least three times over the course of approximately three blocks. **Based on their experience with impaired drivers, the officers believed that the vehicle's continual deceleration and acceleration indicated that the driver may have been impaired.**
>
> The officers attempted to initiate a traffic stop to investigate. They activated their squad car's emergency lights, turned on its siren, and used a public-announcement speaker to tell the vehicle's driver to pull over and stop. The vehicle continued to move very slowly. The vehicle almost rolled to a stop at Stevens Avenue, but when the officers exited the squad car, the vehicle suddenly accelerated away from them. The officers pursued the vehicle for approximately four-and-one-half minutes. During the pursuit, the vehicle exceeded speed limits by about 5 to 20 miles per hour, drove though several stop signs and stoplights, weaved in and out of oncoming traffic, and made many sharp turns as it traveled in a "twisting pattern." **The vehicle's driving was "erratic," it accelerated and decelerated throughout the pursuit, and it "almost hit a few parked cars." The vehicle also turned into multiple dead ends.** After the vehicle turned onto Cedar Avenue, the officers' supervisor told them to terminate the pursuit because it had become too dangerous given the rainy conditions at the time.
>
> Soon after terminating the pursuit, Officer Jindra saw the vehicle pull into a driveway. The officers pulled in behind the vehicle and directed the driver, appellant, to exit the vehicle. Appellant exited the vehicle and the officers arrested him. **Appellant was "really off balance" when Officer Grout tried to get him to his feet and walk him over to the squad car, he smelled of alcohol, and his speech was slurred.**
>
> Officer Englund transported appellant from the scene. **Appellant's eyes were bloodshot and watery and Officer Englund could smell alcohol**

6

emanating from him. **Because appellant's eyes were bloodshot and watery and he smelled of alcohol, Officer Englund asked appellant to submit to field sobriety tests, which he refused.** Officer Englund obtained a search warrant authorizing collection of a sample of appellant's blood for chemical testing. Officer Englund transported appellant to a hospital and **a nurse drew a sample of appellant's blood pursuant to the warrant at approximately 11:37 p.m., more than an hour after the driving conduct. Chemical testing revealed that appellant's alcohol concentration was "0.073 plus or minus .004."**

Appellant argues that his driving conduct alone was not sufficient to prove he was under the influence of alcohol and that the "remaining circumstantial evidence did not provide a complete chain that led directly to [his] guilt." Appellant notes that no field sobriety tests were performed in this case because he refused. Appellant also notes that Officer Grout's testimony that appellant was off-balance and slurred his speech is inconsistent with Officer Englund's testimony that appellant's speech was not "overly slurred" and with body-camera video depicting Officer Englund's interactions with appellant, and that Officer Grout's body-camera video shows appellant exit the vehicle and comply with Officer Grout's order to get on the ground without stumbling. And appellant notes that chemical testing showed that his alcohol concentration was under the legal limit of .08 and that it is not unlawful to drink alcohol beverages and then drive or be in physical control of a motor vehicle.

Again, "[a] person is under the influence when a person does not possess that clearness of intellect and control of himself that he otherwise would have." *Ards*, 816 N.W.2d at 686 (quotation omitted). **Here, appellant accelerated and decelerated at least three times over the course of approximately three blocks when the officers initially followed him. Then, when officers initiated a traffic stop, appellant accelerated away from them and led them on a chase that lasted about four-and-one-half minutes. During the chase, appellant weaved in and out of oncoming traffic, drove through several stop signs and stoplights, made many sharp turns, exceeded speed limits, repeatedly accelerated and decelerated, and nearly hit parked cars.**

Appellant argues that his "ability to lead the police on a high-speed chase, without causing an accident, supports the argument that he was not impaired." **We disagree. Appellant's driving conduct was erratic and reckless; it does not suggest that he was thinking clearly at the time.** Instead, it strongly suggests that he did not possess the clearness of intellect and control of himself that he otherwise would have if he were not under the influence of alcohol.

> **Moreover, officers observed additional indicia of intoxication after appellant exited the vehicle.** Officer Grout observed that appellant was unsteady on his feet, that he smelled of alcohol, and that his speech was slurred. Officer Englund noticed that appellant smelled of alcohol and that his eyes were bloodshot and watery. And the chemical test, taken more than an hour after the driving conduct, indicated that appellant's alcohol concentration was close to the legal limit.
>
> **Under the circumstances, it was reasonable for the jury to conclude that appellant was under the influence of alcohol.** Thus, the circumstances proved are consistent with guilt.

*State v. Mann,* 2019 WL 3890400, at *4-5 (emphasis supplied).

Mann has not pointed to any factual determination by the Minnesota Court of Appeals that lacks support in the record. A state court's determinations of fact are "presumed to be correct unless the petitioner rebuts the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The court's presumptively correct factual determination are "unreasonable" under § 2254(d)(2) only if they have no support in the record. *Evenstad,* 470 F.3d at 782. Here, Mann offers only his disagreement with the state appellate court's evaluation of the evidence. He asserts that "in fact there was no evidence at all to support such a conviction of this kind, the petitioner was not under the influence of alcohol at the time of his arrest." Pet. Mem. 5, Dkt. No. 2. But the state court decision recites the trial evidence upon which the court based its decision denying Mann's appeal, and his mere disagreement with their assessment does not satisfy the unreasonableness standard of § 2254(d)(2).

The Supreme Court has addressed the different roles played by juries, state courts, and federal habeas courts with respect to challenges to the sufficiency of the evidence for conviction:

8

> The opinion of the Court in *Jackson v. Virginia,* 443 U.S. 307 (1979), makes clear that it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was "objectively unreasonable." *Renico v. Lett,* 559 U.S. 766, 773 (2010) (internal quotation marks omitted).

*Cavazos v. Smith,* 566 U.S. 1, 2 (2011) (per curiam). The state appellate court's rejection of Mann's arguments that the evidence was insufficient to convict him of DWI beyond a reasonable doubt was not unreasonable.

### B. Unreasonable Application of Law Clause — § 2254(d)(1)

Mann also argues that the Minnesota Court of Appeals unreasonably applied the law in concluding the evidence was sufficient to support his DWI conviction. Pet. Mem. 10, 15, Dkt. No. 2. "[C]learly established Federal law" for purposes of § 2254(d)(1) includes only Supreme Court holdings (not dicta or lower court holdings), and habeas relief is available only if the state court's application of Supreme Court precedent was "objectively unreasonable, not merely wrong." *White,* 572 U.S. at 419.

Mann's petition and 26-page memorandum largely consist of lengthy narratives of the trial evidence followed by conclusory statements that his constitutional rights were violated. He does not identify specific Supreme Court holdings that he contends the Minnesota Court of Appeals unreasonably applied so as to merit relief under § 2254(d)(1). However, as part of his sufficiency-of-the-evidence argument he suggests (1) the state appellate court should not have viewed the evidence in the light most favorable to the

9

jury's verdict,[3] and (2) the circumstantial evidence standard was unconstitutional and/or was unreasonably applied by the court.

The Minnesota Court of Appeals set forth the standard by which it reviewed Mann's appeal as follows:

> Appellant contends that "[t]he evidence was insufficient, as a matter of law, to convict [him] of driving under the influence of alcohol when the circumstantial evidence did not prove that he was intoxicated."
>
> When considering a claim of insufficient evidence, this court carefully analyzes the record to determine **whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jury to reach the verdict that it did.** *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). **We "assume that the jury believed the state's witnesses and disbelieved contrary evidence."** *State v. Brocks*, 587 N.W.2d 37, 42 (Minn. 1998). We will not disturb a guilty verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the state proved that the defendant was guilty of the offense charged. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

*State v. Mann,* 2019 WL 3890400, at *2 (emphasis supplied).

The court applied this standard when considering the evidence that Mann was intoxicated. The court's discussion included the following explanation of how it viewed inconsistent evidence:

> Moreover, officers observed additional indicia of intoxication after appellant exited the vehicle. Officer Grout observed that appellant was unsteady on his feet, that he smelled of alcohol, and that his speech was slurred. * * *
>
> Officer Englund's testimony that appellant's speech was not "overly slurred" and he "seemed to be standing alright" when Officer Englund observed him

---

[3] Respondent points out that Mann's challenge to this appellate standard of review may be a better fit for the "contrary to" clause of § 2254(d)(1) rather than the "unreasonable application" clause (though his claim would fail regardless), as he seems to argue the court used the wrong legal principle, not that it identified the correct legal principle but unreasonably applied it to the facts of his case. Resp. Mem. 20, Dkt. No. 18.

does not affect our sufficiency analysis here. In reviewing the evidence in this sufficiency challenge, we view that evidence "in a light most favorable to the conviction." *See Webb*, 440 N.W.2d at 430. **Thus, we assume the jury believed Officer Grout's testimony that appellant was unsteady on his feet and had slurred speech. To the extent that Officer Englund's testimony regarding those specific indicia of intoxication is inconsistent with Officer Grout's testimony, we disregard it.**

*Id.* at *3 & n.1 (emphasis supplied).

Mann devotes many pages to reciting facts that he claims demonstrate the evidence was insufficient to convict him of DWI beyond a reasonable doubt. He suggests the appellate court should have re-evaluated and re-weighed the evidence rather than giving deference to the jury verdict, and that failure to do so violated due process, fundamental fairness, and the Fifth, Sixth, and Fourteenth Amendments. *See* Pet. Mem. 16, Dkt. No. 2. But he has not cited any Supreme Court case that so holds and, in fact, the Supreme Court has said otherwise. As quoted above in *Cavazos*, the Supreme Court emphasized it is the jury's, not the court's, role to "decide what conclusions should be drawn from evidence admitted at trial"; that a state appellate court "may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury"; and that a federal habeas court "may not overturn a state court decision rejecting a sufficiency of the evidence challenge" unless the "state court decision was 'objectively unreasonable.'" *Cavazos,* 566 U.S. at 2. Mann has not shown that the Minnesota Court of Appeals unreasonably applied Supreme Court precedent when it evaluated the evidence of intoxication in the light most favorable to the verdict.

Mann also faults the appellate court's analysis of the evidence under the circumstantial evidence standard. It is not clear whether he is arguing that the standard itself is unconstitutional or that it was unreasonably applied by the court, because his core

11

complaint is that "there was no evidence at all." *See* Pet. Reply 8 ("the circumstantial evidence was unconstitutional because there was no evidence at all . . . so the standard that the Court of Appeals appl[ied] to the petitioner's case is incorrect"), Dkt. No. 21.

The state appellate court noted the parties' disagreement about whether the court should apply the direct evidence standard or the circumstantial evidence standard in reviewing the sufficiency of the evidence supporting Mann's intoxication. *State v. Mann*, 2019 WL 3890400, at *3. The court concluded it "need not decide . . . because even under the heightened circumstantial-evidence standard there is sufficient evidence to support appellant's conviction of DWI—driving under the influence of alcohol." *Id.* It set forth that standard as follows:

> Under the circumstantial-evidence standard, we first determine the circumstances proved. *Loving v. State*, 891 N.W.2d 638, 643 (Minn. 2017). When evaluating the circumstances proved, we "disregard evidence that is inconsistent with the jury's verdict." *Harris*, 895 N.W.2d at 601. Next, we determine whether the circumstances proved are consistent with guilt and inconsistent with any rational hypothesis other than guilt. *Loving*, 891 N.W.2d at 643. We will reverse a conviction based on circumstantial evidence only if there is a reasonable inference other than guilt. *Id.*

*Id.*

The standard applied by the court is based on state law, and a federal habeas court does not re-examine state court determinations of state law. *See Estelle,* 502 U.S. at 67-68. Mann has not cited any Supreme Court decision that was unreasonably applied. The court's decision also is not contrary to clearly established federal law, because the Supreme Court has recognized that circumstantial evidence can support a conviction. Respondent correctly points out the federal law that so holds [Resp. Mem. 24-25, Dkt. No. 18], quoting the Eighth Circuit:

12

> On appellate review of the sufficiency of the evidence, the court must view the evidence in the light most favorable to the verdict rendered. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). It must accept as established any and all reasonable inferences from the evidence that tend to support the jury's verdict. *United States v. Overshon*, 494 F.2d 894, 896 (8th Cir.), cert. denied, 419 U.S. 853, 878, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974). The evidence need not "exclude every reasonable hypothesis except that of guilt[; it is enough] that it be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty." *United States v. Shahane*, 517 F.2d 1173, 1177 (8th Cir.), cert. denied, 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 124 (1975). **Furthermore, because circumstantial evidence is intrinsically as probative as direct evidence,** *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954), **the same standard applies where a conviction rests entirely on circumstantial evidence.** *United States v. Carlson*, 547 F.2d 1346, 1360 (8th Cir. 1976).

*Durns v. United States*, 562 F.2d 542, 545-46 (9th Cir. 1977) (emphasis supplied). Mann has not shown that the state court unreasonably applied Supreme Court precedent or that its decision was contrary to such precedent with respect to circumstantial evidence.

Section 2254(d) bars re-litigation of any claim that was adjudicated on the merits in state court subject only to the exceptions in § 2254(d)(1) and (2). Mann has not satisfied those exceptions because he has not shown the Minnesota Court of Appeals' decision was contrary to clearly established federal law, involved an unreasonable application of such law, or was based on an unreasonable determination of facts. Thus, the Court recommends denying his habeas claim that the evidence was insufficient to support his DWI conviction.

### III.   Other Claims

The only claim Mann presented to the state courts was his Fourteenth Amendment due process claim regarding sufficiency of the evidence to convict him of DWI. *See* Resp. Appx. 310-21 (appellant's brief to Minnesota Court of Appeals), 367-76 (petition for review

13

to Minnesota Supreme Court), Dkt. No. 19. He did not raise other claims that he now mentions in the memorandum he attached to his petition. *Id.*

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A habeas petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits. *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999). Thus, before habeas relief is available to a petitioner, a court must first determine whether the petitioner has fairly presented his federal claims to the state court. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

If a petitioner has failed to do so, the federal court "must then determine whether the petitioner has complied with state procedural rules governing post-conviction proceedings, *i.e.,* whether a state court would accord the prisoner a hearing on the merits." *Id.* "If state procedural rules prevent the petitioner from obtaining such a hearing, then the petitioner is also procedurally barred from obtaining habeas relief in a federal court unless he can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if [the court] do[es] not review the merits of the petition." *Id.* "The fundamental miscarriage of justice exception . . . is only available to a petitioner who demonstrates that a constitutional violation has probably resulted in the conviction of one

14

who is actually innocent." *Id.* at 758 (citations and quotations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991). When a petitioner has not exhausted a claim and state procedural rules preclude further attempts to present the claim to satisfy the exhaustion requirement, that claim is procedurally defaulted.

Mann's memorandum raises several issues or claims not presented to the state courts alleging violations of the Fifth, Sixth, and Fourteenth Amendments and relating to the lack of a field sobriety test at the scene [Mem. 11, 24, Dkt. No. 2]; a *Miranda* advisory [Mem. 11-13, 15]; police actions on-scene and witness credibility on various issues, including whether he was the driver of the SUV [Mem. 14-15, 17-22]; bias of the trial judge and appellate court [Mem. 5, 15-17]; and *Brady v. Maryland,* 373 U.S. 83 (1963) [Mem. 20]. Because they were not presented in his appeal to the Minnesota Court of Appeals or his petition for review to the Minnesota Supreme Court, the claims were not exhausted. Further, because the claims would have been known to him at the time of his appeal, it is now too late to raise them in the state courts. *See State v. Knaffla,* 243 N.W.2d 737, 741 (Minn. 1976) ("all claims known but not raised" on direct appeal "will not be considered upon a subsequent petition for postconviction relief").

Because Mann did not comply with the *Knaffla* state procedural rule, he is also procedurally barred from obtaining habeas relief in this Court unless he can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if the Court does not review his petition. *See McCall,* 114 F.3d at 757-58. The miscarriage of justice exception is only available if a petitioner "demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 758.

Mann invokes "miscarriage of justice," "fundamental fairness," and "actual innocence" [Pet. Mem. 6, Dkt. No. 2], but he has not satisfied the requirements of this exception to the procedural bar. He has not "support[ed] his allegations of constitutional error with new reliable evidence . . . that was not presented at trial" and shown that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Instead, he has in essence re-argued his due process insufficient evidence claim. Therefore, he has not overcome the procedural bar to consideration of the merits of any additional constitutional claims, and habeas relief is not available.

## IV. Evidentiary Hearing

As the Court has recommended that Mann's habeas petition be denied, the Court also finds no basis to hold an evidentiary hearing. *See Schriro v. Landrigan,* 550 U.S. 465, 474-75 (2007) (evidentiary hearing not required to develop factual allegations if the record otherwise precludes habeas relief).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Terrence Dujuan Mann's Petition for a Writ of Habeas Corpus [Dkt. No. 1] be DENIED.

2. This action be DISMISSED WITH PREJUDICE.

Dated: March 21, 2022                               s/David T. Schultz
                                                    DAVID T. SCHULTZ
                                                    U.S. Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).